IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIKORSKY AIRCRAFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.<br><br>Defendants. | ) | Civil Action Number: 05-2373 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE EXTRA-RECORD MATERIALS SUBMITTED BY DEFENDANT TO PROVIDE A POST-HOC RATIONALE AND/OR SUPPORTING EVIDENCE FOR THE AGENCY'S DECISION**

Plaintiff Sikorsky Aircraft Corporation ("Sikorsky") respectfully submits this memorandum of points and authorities in support of its motion to strike extra-record materials submitted by Defendant to provide a post-hoc rationale and/or supporting evidence for the agency's decision to release the information at issue in this case.

## INTRODUCTION AND SUMMARY

This action is a "reverse" FOIA lawsuit in which Sikorsky challenges the decision of the Defense Contract Management Agency ("DCMA" or "agency") to release certain Corrective Action Requests ("CARs") that DCMA issued to Sikorsky relating to its production of certain helicopters pursuant to government contracts. Sikorsky filed its Complaint on December 12, 2005, and the Department of Justice ("Department") moved for summary judgment and filed with the Court the Administrative Record compiled by the agency.

The Department moved for summary judgment on the grounds that the agency had acted reasonably in determining that the information at issue was not exempt from disclosure under FOIA. The Department correctly stated that "[t]his Court's review of the [agency's] release decision . . . is limited to the Administrative Record in this case." Memorandum of Points and Authorities In Support of Defendant's Motion For Summary Judgment ("Def. Mem.") at 2. However, despite its acknowledgment that the Court must limit its review to the Administrative Record, the Department filed with its summary judgment brief the Declaration of Colonel Jamie L. Adams ("Adams Declaration"), which is not part of the Administrative Record, in order to provide a rationale and/or supporting evidence for the agency's decision to release the information at issue. Because Colonel Adams' declaration is not part of the Administrative Record, the portions of the declaration that purport to provide a rationale or supporting evidence for the agency's decision should be stricken from the record in this proceeding.

## ARGUMENT

### THE COURT SHOULD STRIKE PARAGRAPHS 6, 10, AND 11 OF THE ADAMS DECLARATION BECAUSE THESE PARAGRAPHS PURPORT TO PROVIDE A RATIONALE OR SUPPORTING EVIDENCE FOR THE AGENCY'S DECISION AND ARE NOT PART OF THE ADMINISTRATIVE RECORD

In an Administrative Procedure Act case such as this where the Court is determining whether an agency's decision was arbitrary or capricious, the Court must confine its review to the administrative record compiled by the agency at the time of the decision rather than "some new record" completed upon judicial review. *Environ. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). *See also Beverly Enters. v. Herman*, 130 F.Supp.2d 1, 7 (D.D.C. 2000) ("the court must limit its review to the administrative record"). The Department itself concedes that "[t]his Court's review of the [agency's] release decision in response to this FOIA request is limited to the Administrative Record in this case," and further asserts that "the Administrative

Record demonstrated that the [agency's] decision is supported by the applicable law." Def. Mem. at 2-3. However, despite acknowledging that the Court's review is limited to the Administrative Record, the Department submitted the Adams Declaration, which is not part of the Administrative Record, and relied upon portions of it to provide a post-hoc rationale and/or supporting evidence for the agency's determination that the information at issue was not exempt from disclosure. *See, e.g.*, Defendant's Statement of Material Facts Which Are Not In Genuine Dispute, ¶¶ 12-18; *see also* Def. Mem. at 7. Indeed, Defendant's Statement of Material Facts relies *exclusively* on the Adams Declaration for the rationale for DCMA's decision to release the CARs, and does not cite to the Administrative Record at all.

The Department offers no explanation or basis for its reliance on this extra-record material, and there is none. While courts may consider evidence outside the administrative record where the subject matter is highly technical or the record is unclear (neither of which is present here), these exceptions "should not be construed to swallow the rule that extrinsic evidence is generally inadmissible. . . ." *Corel Corp. v. United States*, 165 F.Supp.2d 12, 31 (D.D.C. 2001). Consideration of extrinsic evidence that provides post-hoc rationalizations and explanations of decisions would swallow the rule. *AT&T Info.-Sys. v. GSA*, 810 F.2d 1233, 1234 (D.C. Cir. 1987).

This especially holds true for the portions of the Adams Declaration that attempt to provide a rationale for the agency decision that the Administrative Record does not contain. *Corel Corp.*, 165 F.Supp.2d at 31 (even stronger presumption against consideration of argumentative extrinsic evidence). For example, Paragraph 11b of the Adams Declaration states that Sikorsky failed to convince him that "release of the CARs alone would likely cause substantial competitive harm," reasoning that withholding the responses to the CARs would

seriously mitigate the likelihood of competitive harm. Adams Declaration at ¶ 11b. Colonel Adams also notes that "[t]here is no information in the CARs that can be used directly or inferentially by a competitor except to assert that Sikorsky's quality control system appears to be inadequate." *Id.* He further concludes that whether Sikorsky's competitors could draw such inferences from the CARs regarding the adequacy of Sikorsky's quality control system "is speculative at best." *Id.* Neither DCMA's December 1, 2005 decision, nor any other document in the Administrative Record, contains such statements or articulates these rationales for the agency's decision. The Court should not permit the Department to provide post-hoc rationalizations for the agency's decision at this juncture.

## CONCLUSION

For the foregoing reasons, the Court should grant Sikorsky's Motion to Strike Paragraphs 6, 8, 10, and 11 of the Adams Declaration.

Respectfully submitted,

/s/ Robert K. Huffman
ROBERT K. HUFFMAN (D.C. BAR NO. 219915)
EMMETT B. LEWIS (D.C. BAR NO. 308627)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-5824
(202) 628-0858 facsimile

Attorneys for Plaintiff
Sikorsky Aircraft Corporation

*Of Counsel*:

LEAH E. FRAZIER (D.C. BAR NO. 492540)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5701
(202) 626-6086
(202) 628-0858 facsimile

Dated: June 5, 2006