IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIKORSKY AIRCRAFT CORPORATION,** )<br>)<br>         **Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF DEFENSE et al.** )<br>)<br>         **Defendants.** )<br>)<br>_____) | Civil Action Number: 05-2373 (RWR) |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

Plaintiff's argument that the declaration submitted with Defendant's Motion for Summary Judgment is not properly before the Court and must be struck is meritless. In any APA case the "record may be supplemented to provide, for example, background information or evidence of whether all relevant factors were examined by an agency, See Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 285 (D.C. Cir. 1981), (citing Asarco, Inc. v. EPA, 616 F.2d 1153, 1160 (9th Cir. 1980)), "[T]he new material should be merely explanatory of the original record and should contain no new rationalizations." Id. (citing Bunker Hill Co. v. EPA, 572 F.2d 1286, 1292 (9th Cir. 1977)); AT & T Information-Systems, Inc. v. General Services Admin., 810 F.2d 1233, 1236 (D.C. Cir. 1987). The declaration offered by Defendant does not offer any rationale not offered in the administrative record. An affidavit offered to elaborate on the agency's stated reason for releasing information over Plaintiff's objections is admissible. Lykes Bros. Steamship Co. v. Pena, 1993 U.S. Dist. LEXIS 20279, 24 25 (D.D.C. 1993) (affidavit elaborating on the

reasons for finding a lack of competitive harm, and providing a background for understanding the proposed redactions is not a post-hoc rationalization and is admissible).

Plaintiff objects to the introduction of an affidavit from Colonel Jamie L. Adams, DCMA's FOIA appellate authority elaborating on the agencies reasons for rejecting Plaintiff's claims of substantial competitive harm. The information in the Adams' declaration explains rationale contained in either DCMA's December 15, 2004 letter to Plaintiff or it's December 1, 2005 letter to Plaintiff. Plaintiff specifically contests the following statements in paragraph 11b of Colonel Adams' declaration:

> that Sikorsky failed to convince Colonel Adams that "release of the CARs alone would likely cause substantial competitive harm," reasoning that withholding the responses to the CARs would seriously mitigate the likelihood of competitive harm. Adams Declaration at ¶ 11b. Colonel Adams also notes that "[t]here is no information in the CARs that can be used directly or inferentially by a competitor except to assert that Sikorsky's quality control system appears to be inadequate." Id. He further concludes that whether Sikorsky's competitors could draw such inferences from the CARs regarding the adequacy of Sikorsky's quality control system "is speculative at best."

Pl. Motion to strike p. 4. In DCMA's December 1, 2005 letter, DCMA discusses the lack of harm caused by an individual CAR, noting that Plaintiff had conceded that individual CARs not containing proprietary information would not cause competitive harm. AR 475. In this same letter, DCMA repeatedly addressed the type of harm that Plaintiff alleged would flow from release of the CARs noting that "the Sikorsky substantial competitive harm argument appears to be one of suffering embarrassment in the market place." AR 476. In this same paragraph, DCMA addresses a competitor's ability to infer information from the CARs, rejecting Plaintiff's Mosaic theory of harm. AR 476. Finally, this same letter contrasted the information Sikorsky seeks to withhold with that withheld in the 9th Circuit's <u>Lion Raisins v. United States</u>

2

Department of Agriculture, 354 F. 3d 1072 (9th Cir. 2004) case and noted that the information contained in the CARs could not be used to gain the insights into Plaintiff's operations the way the information in Lion Raisins could.  AR 476.

The information contained in Colonel Adams' declaration is the kind of explanatory information routinely provided in APA cases and endorsed by the D.C. Circuit in Environmental Defense Fund, supra.  Plaintiff's argument to the contrary is meritless.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895