IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIKORSKY AIRCRAFT CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, et al. | ) | Civil Action Number: 05-2373 (RWR) |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

**INTRODUCTION**

The Department of Justice ("DOJ") argues that the Court can consider the litigation declaration of Col. Jamie L. Adams ("Adams Declaration") as part of the administrative record because it does not provide additional rationales for DCMA's decision, but rather merely explains and elaborates on DCMA's actions. That assertion is both factually incorrect and without legal support. First, even if the Adams Declaration were merely explanatory or elaborative, which it is not, the Court could not consider it unless it first found the existing administrative record to be *inadequate* in one of several narrowly defined areas. The DOJ has made no showing that the existing administrative record is deficient in any way, and the DOJ does not even argue that it is. Second, contrary to DOJ's assertions, the Adams Declaration is not merely explanatory and elaborative. It offers new rationales not present in the administrative record in support of DCMA's decision. The law of this circuit is clear that under no circumstances can a reviewing court consider litigation affidavits offering post-hoc rationales for an agency decision. *See AT&T Information-Systems, Inc. v. GSA*, 810 F.2d 1233 (D.C. Cir.

639342.2

1987); *see also Alexander & Alexander Services, Inc. v. SEC*, 1993 U.S. Dist. LEXIS 14945 (D.D.C. 1993) at 37-38 ("[l]itigation affidavits offering post-hoc rationalizations are clearly prohibited.").

## ARGUMENT

**I.    CONSIDERATION OF EXTRA-RECORD MATERIAL WOULD SWALLOW THE RULE LIMITING JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD.**

The D.C. Circuit has recently reiterated its long-settled rule that when reviewing an agency decision under the arbitrary and capricious standard, "the focal point for judicial review should be the administrative record already in existence, not some new record completed in the reviewing court." *See Tripoli Rocketry Ass'n v. BATFE*, 437 F.3d 75, 83 (D.C. Cir. 2006) quoting *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981). Courts have recognized only a limited number of exceptions to this general rule and have permitted supplementation of the administrative record only where there has been a showing "that the agency failed to examine all relevant factors or to adequately explain its grounds for decision, or that the agency acted in bad faith or engaged in improper behavior in reaching its decision," *see IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir 1997), or where the agency failed "to explain [its] action [s] as to frustrate effective judicial review." *See Camp v. Pitts*, 411 U.S. 138, 142-43 (U.S. 1973). And, even where such exceptional circumstances are found to exist, any "new materials should be merely explanatory of the original record . . . ." *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981).

In asking the Court to consider the Adams Declaration in this case, DOJ does not even argue, much less establish, that any of the recognized exceptions to the general rule precluding consideration of extra-record evidence apply in this case. DOJ does not argue that the agency failed to adequately explain the grounds for its decision, that it acted in bad faith, that it engaged

in improper behavior, or that it failed to explain its action so as to frustrate effective judicial review. Instead, DOJ merely asserts that the extra-record material can be considered because it does not provide post-hoc rationales for DCMA's decision. Even if that assertion were correct, which it is not (see discussion *infra*), it would not constitute a basis for permitting consideration of this evidence, which is not a part of the administrative record. Before a court may consider even purely explanatory or elaborative extra-record materials, it must first find that one of the narrow exceptions to the general preclusive rule exists. *See Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) ("*When the record is inadequate*, a court may obtain from the agency . . . such additional explanations of the reasons for the agency decision as may prove necessary. The new materials should be merely explanatory of the original record . . .") (emphasis added). There is no basis on which to make such a finding in this case.

Nor is there any basis on which to conclude that the extra-record material offered by DOJ would be of any assistance to the Court. To the contrary, according to DOJ, the Adams Declaration offers nothing substantively new. *See* Memorandum In Opposition To Plaintiff's Motion To Strike ("Opp. Mem.") at 2-3. The Court is plainly capable of reading and understanding DCMA's decisions itself; it does not need a DOJ-proffered extra-record declaration to paraphrase or summarize the decision for it. Therefore, no reason exists for the Court to depart from the settled rule that limits its review to the existing administrative record. *Tripoli Rocketry*, 437 F.3d at 83 ("even if we were inclined to credit the affidavit, it proves nothing of consequence in this case . . ."); *see also Alexander & Alexander Servs., Inc.*, 1993 U.S. Dist. LEXIS 14945 (D.D.C. 1993) (refusing to consider affidavits purported to provide background information because they would not affect the outcome of the case).

The three cases upon which DOJ relies are not to the contrary. As noted, *Environmental Defense* limits consideration of extra-record material to cases where the record is inadequate. *Environmental Defense*, 657 F.2d at 285. In *AT&T Information-Systems, Inc. v. GSA*, 810 F.2d 1233 (D.C. Cir. 1987), the D.C. Circuit refused to consider a litigation affidavit such as that at issue here because it sought to provide post-hoc rationalizations to support the agency's decision. *Id.* at 1236. And, in *Lykes Bros. Steamship Co. v. Pena*, 1993 U.S. Dist. LEXIS 20279, 24, 25 (D.D.C. 1993), the court reaffirmed this Circuit's repeated admonition that extra-record material "should contain no new rationalizations for the agency decision under review." As discussed below, the Adams Declaration provides new rationalizations for DCMA's decision to release Sikorsky's confidential commercial information, and consistent with the cases on which DOJ itself relies, this material should not be considered by the Court.

## II.   PARAGRAPH 11B OF THE ADAMS DECLARATION PROVIDES NEW RATIONALES FOR DCMA'S DECISION.

As noted, it is the settled law of this Circuit that consideration of extra-record materials offering post-hoc rationalizations for an agency decision is clearly prohibited. *See AT&T Information-Systems, Inc. v. GSA*, 810 F.2d 1233, 1236 (D.C. Cir. 1987). This rule was recently reaffirmed by the D.C. Circuit in *Tripoli Rocketry Assn., Inc. v. BATFE*, 437 F.3d 75, 83 (2006). DOJ does not dispute that this is the rule.[1] Paragraph 11b of the Adams Declaration offers post-hoc rationales for DCMA's decision and should, therefore, be stricken.

---

[1] In fact, DOJ relies on the "flip-side" of this rule in its opposition to Sikorsky's cross-motion for summary judgment by arguing that Sikorsky is barred from presenting a particular argument because this argument allegedly "was not raised during the administrative phase and should thus be ignored by the Court." Defendants' Memorandum In Reply To Plaintiffs' Opposition To Defendants' Motion For Summary Judgment And Opposition To Plaintiffs' Cross-Motion For Summary Judgment at 12.

Paragraph 11b of the Adams Declaration provides two rationales for DCMA's December 1, 2005 decision ("Decision") that are not contained in the Decision itself. First, it explains why the decision to withhold Sikorsky's responses to CARs mitigates the risk of competitive harm that would result from disclosure. It states:

> In fact, as Sikorsky responses to the CARs are not being released, there is an even less likelihood of substantial competitive harm because the "insights" to Sikorsky's proprietary quality control system suggested in the February 11, 2005, letter are no longer possible, if in fact, they ever were.

DOJ's explanation as to how the Decision encompasses that rationale misses the point. DOJ argues that the Decision discusses "the lack of harm caused by an individual CAR" and "a competitor's ability to infer information from the CARs" in rejecting Plaintiff's Mosaic theory of harm." Opp. Mem. at 2. However, the new rationale of which Sikorsky complains is not paragraph 11b's discussion of the mosaic theory or whether one CAR by itself as opposed to several CARs together would result in competitive harm. The offending new rationale is the comparison between the competitive harm that would result to Sikorsky from the release of both the CARs and Sikorsky's responses to them as opposed to the release of the CARs alone — a comparison that appears nowhere in the Decision. DOJ does not even attempt to defend this new rationale as part of the Decision. Because the above-referenced portion of the Adams Declaration provides new rationales for DCMA's decision, the precedent of this Circuit demands that it be stricken.

Second, paragraph 11b supplies a new rationale to rebut Sikorsky's argument that release of the CARs would provide its competitors with insights into the strengths and weaknesses of its quality control system. It describes the potential for Sikorsky's competitors to use the CARs

directly or inferentially as "speculative at best."[2]  However, the Decision merely analyzed the *type* of harm that Sikorsky would suffer from disclosure, stating that release of Sikorsky's information would result in embarrassment rather than competitive harm.  It never discussed the *probability* (*i.e.*, whether it is speculative) that Sikorsky's competitors would use the CARs to underbid Sikorsky.  Thus, DOJ is precluded from using the Adams Declaration to advance this rationale.

## CONCLUSION

For the foregoing reasons, Sikorsky's motion to strike should be granted.

Respectfully submitted,

/s/  Robert K. Huffman
ROBERT K. HUFFMAN (D.C. BAR NO. 219915)
EMMETT B. LEWIS (D.C. BAR NO. 308627)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C.  20005-5701
(202) 626-5824
(202) 628-0858 facsimile
Attorneys for Plaintiff
Sikorsky Aircraft Corporation

---

[2]  DOJ does not even attempt to explain how Col. Adams is qualified to second guess Sikorsky's declarants on matters involving Sikorsky's commercial and military helicopter business.

- 7 -

*Of Counsel:*

LEAH E. FRAZIER (D.C. BAR NO. 492540)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C.  20005-5701
(202) 626-6086
(202) 628-0858 facsimile

Dated:  August 28, 2006